**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A. Hodge, | No. CV-24-02171-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Home Depot, et *al*., | |
| Defendants. | |

At issue is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6). Having determined that Plaintiff is unable to pay the Court's fees, the Court will grant Plaintiff's Application. However, upon screening Plaintiff's Amended Complaint (Doc. 5, "Am. Compl."), the Court finds that the Amended Complaint fails to state a claim.

**I.     LEGAL STANDARD**

For cases proceeding *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Section 1915(e) applies to all *in forma pauperis* proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis*

1  complaint that fails to state a claim." *Id.* at 1127. The Court must therefore dismiss an *in forma pauperis* complaint if it fails to state a claim or if it is frivolous or malicious.

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule further instructs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. 8(d)(1). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. ANALYSIS

In the Amended Complaint, Plaintiff alleges that he visited a Home Depot store in Phoenix and was denied service due to his race. (Am. Compl. at 2–4.) He further alleges that he filed a complaint with Home Depot's "corporate team," which responded unhelpfully. (Am. Compl. at 4.) Plaintiff brings a single claim of racial discrimination under Title II of the Civil Rights Act of 1964. (Am. Compl. at 1–6.)

Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The statute defines "place of public accommodation" as lodgings, restaurants, gas stations, and entertainment facilities. 42 U.S.C. § 2000a(b); *Ford v. Surprise Fam. Urgent Care Ctr., LLC*, No. CV 10-1920-PHX-SRB, 2011 WL 13137866, at *2 (D. Ariz. Sept. 6, 2011). Courts construe this list narrowly and have consistently declined to expand the scope of the statute beyond the facilities specifically enumerated. *Dragonas v. Macerich*, No. CV-20-01648-PHX-MTL, 2021 WL 3912853, at *7 (D. Ariz. Sept. 1, 2021).

Plaintiff has not alleged that the store at issue is a lodging, restaurant, gas station, or entertainment facility, or any facility exhaustively enumerated in Title II; nor could he, as Home Depot is a hardware store. The Court must therefore dismiss Plaintiff's claim because Title II is not applicable. If a defective complaint can be cured, the plaintiff is entitled to

amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. But in this case, it does not appear that Plaintiff can cure the defect in his Title II claim.

**IT IS THEREFORE ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Amended Complaint (Doc. 5) for failure to state a claim.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 3rd day of September, 2024.

Honorable John J. Tuchi
United States District Judge